# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
―――――――――――――――――――――――――――X

SHEIKH AHMAD,                                    Index No.:

          Plaintiff,                         **SUMMONS**

   -against-                                    The basis of this venue is:
                                                   Plaintiff's address

TRANS UNION, LLC,

          Defendant.
―――――――――――――――――――――――――――X

To the above-named defendant(s):

YOU ARE HEREBY SUMMONED to appear in the Supreme Court of the State of New York, County of Queens at the office of the Clerk of said Court at 88-11 Sutphin Blvd., Queens, New York 11435 in the County of Queens, State of New York, within the time provided by law as noted below and to file your Answer to the annexed Complaint with the Clerk; upon your failure to Answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: March 14, 2025

                                                            Respectfully submitted,

                                                            _____
                                                            Subhan Tariq, Esq.
                                                           Tariq Law PC
                                                           **Attorney for Plaintiff**
                                                           99 Park Avenue, Suite 1100
                                                           New York, NY 10016
                                                           Tel: (212) 804-9095
                                                           Email: subhan@tariqlaw.com

NOTE: The laws or rules of court provide that:

a) If this summons is served by its delivery to you personally, you must appear and answer within TWENTY DAYS after such service; or

b) If this summons is served by its delivery to any person other than you personally, or is served by any alternative method permissible under the CPLR, you must appear and answer within THIRTY days after such service.

Defendant's address:

Trans Union, LLC
1510 Chester Pike
Crum Lynne, PA 19022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
───────────────────────────────X
SHEIKH AHMAD

        Plaintiff,

 -against-                               **VERIFIED COMPLAINT**

TRANS UNION, LLC,

        Defendant.
───────────────────────────────X

Plaintiff, Sheikh Ahmad, seeks redress for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 by Defendant Trans Union, LLC, and its agents in its illegal reporting. Plaintiff, by way of this Complaint, states as follows:

## **PARTIES**

1. Plaintiff, Sheikh Ahmad, is an adult residing in Jackson Heights, NY.

2. Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) of the FCRA.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

## **FACTS**

4. Plaintiff repeats, reiterates and incorporates the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

5. Due to discrepancies on Plaintiff's Trans Union credit report, Plaintiff sent a dispute letter, dated July 15, 2024, to Trans Union.

6. Plaintiff's dispute letter, dated July 15, 2024, listed **a Discover account** (the "disputed accounts"), reporting on Plaintiff's credit report, that are reporting wrong and inaccurate

1

information. Plaintiff also requested that Trans Union remove the disputed accounts from Plaintiff's credit report.

7. Furthermore, pursuant to 15 U.S.C. § 1681i(b), Plaintiff's dispute letter, dated July 15, 2024 also requested that Trans Union update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status.

8. Specifically, Plaintiff's dispute letter, dated July 15, 2024, stated: "**IF THESE ACCOUNTS ARE NOT GOING TO BE DELETED, I AM REQUESTING THE FOLLOWING STATUTORY CONSUMER STATEMENT TO SHOW ON MY CREDIT REPORT. IT SHOULD STATE THE FOLLOWING 'WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT. THE LEGAL TIME LIMIT (STATUTE OF LIMITATIONS) FOR SUING YOU TO COLLECT THIS DEBT HAS EXPIRED. HOWEVER, IF SOMEBODY SUES YOU ANYWAY TO TRY TO MAKE YOU PAY THIS DEBT, COURT RULES REQUIRE YOU TO TELL THE COURT THAT THE STATUTE OF LIMITATIONS HAS EXPIRED TO PREVENT THE CREDITOR FROM OBTAINING A JUDGMENT. EVEN THOUGH THE STATUTE OF LIMITATIONS HAS EXPIRED, YOU MAY CHOOSE TO MAKE PAYMENTS.'**"

9. Furthermore, Plaintiff's dispute letter, dated July 15, 2024, also stated: "**Please update my statutory consumer statement or delete the accounts from my credit reports.** If you do not update my statutory consumer statement or delete these accounts immediately, I will hold . . . you accountable under the FCRA."

10. Trans Union refused to investigate and responded with a letter, dated July 20, 2024, wherein it stated: "Re: Proof of Address Unacceptable."

2

11. Plaintiff's dispute letter, dated July 15, 2024, included his name, date of birth, social security number, and address.

12. Trans Union deemed Plaintiff's dispute letter, dated July 15, 2024, suspicious as a delay tactic.

13. Trans Union failed to properly to investigate the disputed accounts and failed to respond with an investigation within the 30-day requirement and thereby violated Plaintiff's rights under the FCRA.

14. Accordingly, Plaintiff sent a second dispute letter, dated October 8, 2024, to Trans Union, wherein Plaintiff once again disputed the disputed accounts and requested their deletion.

15. Furthermore, pursuant to 15 U.S.C. § 1681i(b), Plaintiff's second dispute letter, dated October 8, 2024, also once again requested that Trans Union update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status.

16. Specifically, Plaintiff's second dispute letter, dated October 8, 2024, once again stated: "**IF THESE ACCOUNTS ARE NOT GOING TO BE DELETED, I AM REQUESTING THE FOLLOWING STATUTORY CONSUMER STATEMENT TO SHOW ON MY CREDIT REPORT. IT SHOULD STATE THE FOLLOWING 'WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT. THE LEGAL TIME LIMIT (STATUTE OF LIMITATIONS) FOR SUING YOU TO COLLECT THIS DEBT HAS EXPIRED. HOWEVER, IF SOMEBODY SUES YOU ANYWAY TO TRY TO MAKE YOU PAY THIS DEBT, COURT RULES REQUIRE YOU TO TELL THE COURT THAT THE STATUTE OF LIMITATIONS HAS EXPIRED TO PREVENT THE CREDITOR FROM**

OBTAINING A JUDGMENT. EVEN THOUGH THE STATUTE OF LIMITATIONS HAS EXPIRED, YOU MAY CHOOSE TO MAKE PAYMENTS.'"

17. Furthermore, Plaintiff's dispute letter, dated October 8, 2024, also once again stated: "**Please update my statutory consumer statement or delete the accounts from my credit reports.**"

18. Trans Union once again refused to investigate and responded with a letter, dated October 18, 2024, wherein it stated: "Re: Proof of Address Unacceptable."

19. Plaintiff's dispute letter, dated October 8, 2024, included his name, date of birth, social security number, and address.

20. Trans Union once again deemed Plaintiff's dispute letter, dated October 8, 2024, suspicious as a delay tactic.

21. Trans Union once again failed to properly to investigate the disputed accounts and failed to respond with an investigation within the 30-day requirement and thereby violated Plaintiff's rights under the FCRA.

22. Notably, Trans Union also failed to update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status – in violation of 15 U.S.C. § 1681i(b) – according to Plaintiff's Trans Union credit report dated November 4, 2024.

## CAUSE OF ACTION

### Violations of the FCRA

23. Plaintiff repeats, reiterates and incorporates the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

4

24. Pursuant to 15 U.S.C. § 1681i(b),

    If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute. The consumer reporting agency may limit such statements to not more than one hundred words if it provides the consumer with assistance in writing a clear summary of the dispute.

25. After receiving Plaintiff's dispute letters, dated July 15, 2024 and October 8, 2024, Trans Union failed to update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status as required by 15 U.S.C. § 1681i(b).

26. As a result of Trans Union's violations of 15 U.S.C. § 1681i(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

27. Trans Union's violations of 15 U.S.C. § 1681i(b) were willful, rendering Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

28. Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681i(a).

29. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

30. Trans Union also violated 15 U.S.C. § 1681i(a) by failing to update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status.

31. As a result of Trans Union's violations of 15 U.S.C. § 1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

5

32. Trans Union's violations of 15 U.S.C. § 1681i(a) were willful, rendering Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

33. Trans Union also violated 15 U.S.C. § 1681i(a)(5)(A) by failing to update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status.

34. As a result of Trans Union's violations of 15 U.S.C. § 1681i(a)(5)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

35. Trans Union's violations of 15 U.S.C. § 1681i(a)(5)(A) were willful, rendering Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

36. Trans Union also violated Plaintiff's rights under 15 U.S.C. § 1681e(b) by failing to update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status.

37. As a result of Trans Union's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

38. Trans Union's violations of 15 U.S.C. § 1681e(b) were willful, rendering Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

39. **_Furthermore_**, pursuant to the FCRA, 15 U.S.C. § 1681i(a)(1)(A),

    Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

40. Trans Union violated 15 USC §1681i(a) by failing to properly reinvestigate the disputed accounts, respond to Plaintiff within the required 30-day period, and delete the accounts within the required 30-day period.

41. Trans Union violated Plaintiff's rights under 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported, to or more third parties, pertaining to Plaintiff's credit report and credit files that Trans Union published and maintained, as well as by failing to properly update and either delete the disputed accounts or report the disputed accounts accurately, and by failing to block the disputed accounts from being reported at a later date, as well as failing to satisfactorily respond within the time period allowed by law. Instead, Trans Union responded by informing Plaintiff that "Re: Proof of Address Unacceptable."

42. As a result of Trans Union's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

43. Trans Union's violations of 15 U.S.C. § 1681e(b) were willful, rendering Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

44. After receiving Plaintiff's dispute letters, dated July 15, 2024 and October 8, 2024, Trans Union failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

45. As a result of Trans Union's violations of 15 U.S.C. § 1681i, Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

46. Trans Union's violations of 15 U.S.C. § 1681i were willful, rendering Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

47. Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681i(a).

48. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

49. Trans Union violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable reinvestigation after receiving Plaintiff's dispute letters, dated July 15, 2024 and October 8, 2024, to determine whether the disputed information was accurate, record the current status of the disputed information, and/or delete the disputed items from Plaintiff's credit report.

50. As a result of Trans Union's violations of 15 U.S.C. § 1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

8

51. Trans Union's violations of 15 U.S.C. § 1681i(a) were willful, rendering Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

52. As a result of Trans Union's violations of 15 U.S.C. § 1681i(a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

53. Trans Union's violations of 15 U.S.C. § 1681i(a)(1)(A) were willful, rendering Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

54. Trans Union violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information and items from Plaintiff's credit report or modify the information and items upon a lawful reinvestigation.

55. As a result of Trans Union's violations of 15 U.S.C. § 1681i(a)(5)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

56. Trans Union's violations of 15 U.S.C. § 1681i(a)(5)(A) were willful, rendering Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby respectfully requests a trial by jury for all claims and issues in her Complaint to which she is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court grant a judgment in favor of Plaintiff against Trans Union as follows:

A. For actual damages provided and pursuant to 15 U.S.C. § 1681n and 1681o of the FCRA;

B. For punitive damages provided and pursuant to 15 U.S.C. § 1681n of the FCRA;

C. Ordering Trans Union to:

    a. immediately and permanently (i) delete and/or update all inaccurate information concerning the disputed accounts from and/or on Plaintiff's credit reports and files, and (ii) cease reporting inaccurate information concerning the disputed accounts to any and all persons and entities to whom Trans Union reports consumer credit information;

    b. send updated and corrected consumer reports to all persons and entities to whom Trans Union has reported inaccurate information about the disputed accounts; and

    c. grant Plaintiff tradeline deletion of the **Discover account**.

D. For attorney's fees and costs provided and pursuant to 15 U.S.C. § 1681n and 1681o of the FCRA;

E. A declaration that Trans Union's practices violated the FCRA;

F. Injunctive relief ordering that Trans Union correct any inaccuracies on Plaintiff's credit report; and

G. For any such other and further relief, as well as further costs, expenses, and disbursements of this action, as this Court may deem just and proper.

Dated: March 14, 2025

Respectfully submitted,

_____
Subhan Tariq, Esq.
Attorney I.D.# 5263074
Tariq Law PC
**Attorney for Plaintiff**
99 Park Avenue, Suite 1100
New York, NY 10016
Telephone: (212) 804-9095
Email: subhan@tariqlaw.com

11

# VERIFICATION

Sheikh T Ahmad, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrative Judge (22 NYCRR).

_____  11/25/2024
Sheikh T Ahmad, Plaintiff

Sworn to before me this 25th day of Nov., 2024

_____
Notary Public

KAZI SHAMSUDDOHA
Notary Public, State of New York
Registration # 01SH6087668
Qualified in Queens County
My Commission Expires Dec. 10, 2025

1